<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HECTOR FRANCISCO PONCE GARCIA,<br><br>*Petitioner,*<br><br>v.<br><br>PAMELA BONDI, *et al.*<br><br>*Respondents.* | Civil Action No. 26-cv-00200<br><br>**MEMORANDUM ORDER**<br><br>January 30, 2026 |

**SEMPER,** District Judge.

    **THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus ("Petition") of Hector Francisco Ponce Garcia ("Petitioner"), pursuant to 28 U.S.C. § 2241, together with a motion for a temporary restraining order ("TRO") and a proposed order to show cause. (ECF Nos. 1—3.) For the reasons stated below, the Petition is GRANTED.

    I.    <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

    The Petition was filed on January 10, 2026. (ECF No. 1.) Petitioner alleged that his detention was unlawful and sought immediate release or, in the alternative, an individualized bond hearing. (ECF No. 1 at 13.)

    On January 12, 2026, the Court issued a text order concluding that, under recent decisions of this District interpreting the interaction between 8 U.S.C. §§ 1225 and 1226, Petitioner was subject to detention under § 1226(a), not § 1225(b). (ECF No. 5.) The Court ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge no later than January 14, 2026, and directed Respondents to file notice of the outcome of that hearing

1

within three days. (*Id.*) The Court further ordered that Petitioner not be removed from the United States during the pendency of these proceedings. (*Id.*)

That same day, the Court granted Petitioner's motion for a TRO and enjoined Respondents from removing Petitioner from the District of New Jersey absent further order of the Court. (ECF No. 7.) Counsel entered appearances for both Petitioner and Respondents shortly thereafter. (ECF Nos. 6, 9, 12.)

Petitioner subsequently filed amended habeas submissions to correct and supplement the original filing. (ECF Nos. 11, 15.) On January 16, 2026, Respondents filed a Response opposing habeas relief, together with supporting exhibits, including a Form I-213 and documentation relating to the reinstated removal order. (ECF No. 16.) Petitioner filed a Reply brief the following day. (ECF No. 19.)

On January 20, 2026, Respondents submitted a status report to inform the Court that despite the January 14, 2026 order (ECF No. 7), Petitioner was moved to a detention facility in Folkston, Georgia. (ECF No. 20.) The status report further advised the Court of Petitioner's scheduled return to New Jersey on January 25, 2026. (*Id.*) Petitioner thereafter moved to seal certain exhibits to his amended petition. (ECF No. 21.)

On January 27, 2026, Petitioner filed a motion to compel Respondents to return him to the District of New Jersey. (ECF No. 22.) Upon information and belief, Petitioner is now "detained somewhere in Texas, allegedly on his way to being transferred again to Louisiana." (*Id.* at 4.)

## II. DISCUSSION

The threshold issue is which provision of the Immigration and Nationality Act governs Petitioner's current detention. The Court begins by acknowledging that Petitioner is subject to a reinstated order of removal under 8 U.S.C. § 1231(a)(5), and that his applications for withholding of removal and protection under the Convention Against Torture were denied by an Immigration

2

Judge on June 30, 2025, with an administrative appeal currently pending before the Board of Immigration Appeals ("BIA"). (ECF Nos. 1 ¶¶ 7–8; 16 at 1.) Under *Johnson v. Guzman Chavez*, noncitizens in withholding-only proceedings following reinstatement of a prior removal order are generally detained pursuant to § 1231 rather than § 1226. 594 U.S. 523, 538–541 (2021).

That general rule, however, does not resolve the narrower question presented here: whether DHS may lawfully re-detain a noncitizen who, while subject to a reinstated removal order, was previously granted release on bond by an Immigration Judge and remained at liberty for several years without revocation of that bond or any finding of changed circumstances. (*See* ECF No. 16 at 1.) The record reflects that in May 2018, an Immigration Judge conducted an individualized bond hearing, determined that Petitioner was neither a flight risk nor a danger to the community, and ordered his release upon the posting of a $10,000 bond. (ECF No. 19 at 16.) DHS did not appeal that bond determination, nor did it subsequently move to revoke or modify the bond. (*Id.*)

Respondents do not dispute the existence or validity of the 2018 bond order. (*See* ECF No. 16.) Instead, they argue that Petitioner's January 1, 2026 arrest initiated a new period of mandatory detention under § 1231(a), rendering the prior bond determination irrelevant. (*Id.* at 2.) The Court is unpersuaded.

Nothing in § 1231(a) authorizes DHS to disregard an extant bond order entered by an Immigration Judge absent revocation, modification, or materially changed circumstances. Nor have Respondents identified any statutory or regulatory provision permitting ICE unilaterally to nullify an IJ's bond determination years after the fact, particularly where Petitioner complied with the conditions of release and remained in the community without incident. (*See* ECF No. 16.) To the contrary, long-standing principles of administrative regularity require the agency to adhere to its own adjudicative decisions unless and until they are lawfully set aside. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

3

Moreover, the Court notes that Petitioner's procedural posture has not materially changed since his release in 2018. He remains in withholding-only proceedings, and his appeal of the June 30, 2025 denial of withholding relief is still pending before the BIA. (ECF No. 1 ¶ 8.) Respondents do not contend that Petitioner violated the conditions of his bond, posed a new danger to the community, or became a flight risk. (*See* ECF No. 16.) Under these circumstances, DHS's decision to re-arrest and detain Petitioner without a new individualized custody determination is inconsistent with the statutory framework and basic principles of due process. Accordingly, the Court concludes that Respondents have failed to establish lawful authority to detain Petitioner without bond and that continued detention under these facts cannot be sustained under § 1231(a).

Finally, the Court addresses Petitioner's transfer from New Jersey following the issuance of the temporary restraining order. On January 12, 2026, the Court expressly ordered that Petitioner not be removed from the District of New Jersey during the pendency of these proceedings. (ECF Nos. 5, 7.) Respondents subsequently transferred Petitioner to ICE custody in Georgia, then Texas. (ECF No. 19 at 8; ECF No. 22 at 4.) The effect of Petitioner's transfer was to frustrate this Court's ability to supervise compliance with its orders and to provide effective habeas relief. Under § 2241, the Court retains authority to order Respondents to return Petitioner to the District where jurisdiction properly attached at the time of filing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Accordingly,

**IT IS** on this 30th day of January 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall release Petitioner Hector Francisco Ponce Garcia from immigration detention upon of the entry of this Order; and it is further

**ORDERED** that Respondents shall immediately facilitate Petitioner's return to the District of New Jersey following his release; and it is further

**ORDERED** that for a period of fourteen (14) days following Petitioner's release, Respondents shall not re-arrest or re-detain Petitioner on the same factual and legal grounds addressed in this Order to ensure full effectuation of the Court's habeas judgment and to prevent immediate circumvention of the relief granted; and it is finally

**ORDERED** that the Clerk of Court shall close this case.

**SO ORDERED.**

                                                */s/ Jamel K. Semper*
                                                **Hon. Jamel K. Semper**
                                                **United States District Judge**

Dated: January 30, 2026